IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANIEL ALAN WASYL, | § | |
| | § | |
| v. | § | 2:11-CV-0070 |
| | § | |
| UNITED STATES OF AMERICA, | § | |

## REPORT AND RECOMMENDATION
## TO DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant DANIEL ALAN WASYL has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody alleging ineffective assistance of counsel based upon trial counsel's alleged failure to file a direct appeal. For the reasons set forth below, the undersigned Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the motion to vacate, set aside or correct sentence be DENIED.

On September 16, 2010, defendant was convicted by a jury of the federal felony offenses of (1) conspiracy to commit a drug offense, and (2) possession with intent to distribute cocaine; aiding and abetting. On December 22, 2010, the United States District Judge entered Judgment in this case, committing defendant to the custody of the United States Bureau of Prisons for a term of 170 months for each offense, such terms of imprisonment to run concurrently with each other.

By his motion to vacate, defendant asserts only one ground for relief:

Defendant was denied effective assistance of counsel because trial counsel failed to file a notice of appeal after requested to do so by defendant.

Trial counsel did, in fact, file a notice of appeal on January 3, 2011. Not only did defendant's counsel file a notice of appeal, the appeal is proceeding in the United States Court of Appeals for

the Fifth Circuit under Cause No. 11-10031. Transcripts were ordered, have been filed of record, and have been transmitted to the appellate court. Defendant's claim of ineffective assistance of counsel for failure to file a notice of appeal is without any merit whatsoever, and his motion to vacate should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant DANIEL ALAN WASYL be, in all things, DENIED.

## INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO OBJECT

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 7th day of April, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See*

28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).